IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                                          Case No. 3:15cr134

MARCUS DEANTE BENNETT,

     Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Marcus Deante Bennett's Motion to Withdraw Guilty Plea ("Motion to Withdraw Guilty Plea" or "Motion") (ECF No. 31) pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). The United States has responded to Bennett's Motion (ECF No. 33), and Bennett has replied (ECF No. 36). The Court heard oral argument on December 15, 2015. At that hearing, the Court denied Bennett's Motion to Withdraw Guilty Plea. This Memorandum Opinion memorializes the reasons for denying Bennett's Motion.

### I.   BACKGROUND

On August 11, 2015, Bennett waived indictment and pleaded guilty to a two-count Criminal Information, which charged him with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a),[1] and brandishing a firearm in furtherance of commercial robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On October 15, 2015, Bennett filed his Motion to Withdraw Guilty Plea, contending that he "is legally innocent of the charge of possession, use, carry, and

---

[1] 18 U.S.C. § 1951(a) criminalizes, federally, robbery affecting interstate commerce in the following manner:

> **(a)** Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)."[2] Bennett specifically argues that Hobbs Act robbery is not categorically a crime of violence. In addition, Bennett contends that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional following the Supreme Court of the United States' decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II.   <u>LEGAL STANDARD</u>

A defendant may not withdraw a guilty plea as a matter of right. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Following a plea of guilty, a defendant may withdraw that plea only if he or she demonstrates a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B).[3] The United States Court of Appeals for the Fourth Circuit has set forth six non-exclusive factors a court should employ when evaluating whether a defendant has met the burden of demonstrating a "fair and just reason." *See Moore*, 931 F.2d at 248. Under *Moore*, a district court should consider:

> (1) whether [defendant] has offered credible evidence that his [or her] plea was not knowing or not voluntary, (2) whether [defendant] has credibly asserted his [or her] legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close

---

[2] Bennett further alleges that: (1) there has been no delay in withdrawing the plea; (2) the United States will not suffer prejudice; and (3) a withdrawal will not waste court resources. Bennett's briefing, however, focuses solely on his claim of legal innocence.

[3] Rule 11(d) provides:

**(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:

**(1)** before the court accepts the plea, for any reason or no reason; or

**(2)** after the court accepts the plea, but before it imposes sentence if:

**(A)** the court rejects a plea agreement under Rule 11(c)(5); or

**(B)** the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Darcus*, No. 3:07cr418, 2009 WL 4110262, at *2 (E.D. Va. Nov. 24, 2009)

(quoting *Moore*, 931 F.2d at 248).

Importantly, "[t]he consideration of these factors is not 'a rigidly mechanistic test, for the conspicuous fuzziness of [the] operative terms—'fair and just'—precludes such an endeavor.'" *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (quoting *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)). Rather, the Court "should balance these factors, along with any other pertinent information, to reach its decision." *Id.* (citing *United States v. Faris*, 388 F.3d 452, 461 (4th Cir. 2004)). That said, a "Rule 11 colloquy weighs heavily against granting a motion to withdraw a guilty plea." *Darcus*, 2009 WL 4110262, at *2 (E.D. Va. Nov. 24, 2009) (citing *Faris*, 388 F.2d at 456).

## III.   DISCUSSION

Bennett asserts legal innocence of Hobbs Act robbery because it is purportedly not a crime of violence. His Motion presents to the Court two issues: (1) whether Hobbs Act robbery categorically constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A); and (2) whether the Supreme Court's decision in *Johnson* renders unconstitutional the residual clause of § 924(c)(3)(B). To successfully assert his legal innocence, Bennett must succeed on both questions.[4] Thus, in order to reach the issue of whether *Johnson* invalidates the residual clause of § 924(c)(3)(B), the Court must first conclude that Hobbs Act robbery is not a categorical crime of violence. Before addressing this first inquiry, the Court outlines the framework of the statutory section forming the basis of Bennett's conviction: Section 924(c).

---

[4] With respect to the second issue, Bennett limits his argument to contending that the residual clause of § 924(c)(3)(B) has become constitutionally defective for vagueness under the *Johnson* decision. Nothing in the briefing here suggests a different basis to take Hobbs Act robbery out of the residual clause of § 924(c)(3)(B). Thus, Bennett raises only this constitutional challenge.

### A.   Statutory Framework of § 924(c)

18 U.S.C. § 924(c)(1)(A) provides additional periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. The statute defines crime of violence as any felony:

(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3).

### B.   Hobbs Act Robbery Categorically Constitutes a Crime of Violence

18 U.S.C. § 924(c)(3)(A) provides that an offense categorically constitutes a crime of violence if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The parties do not dispute that Hobbs Act robbery is a felony. *See* 18 U.S.C. § 1951(a) (providing a maximum sentence of twenty years' imprisonment). Thus, the Court assesses only whether the elements of Hobbs Act robbery encompass "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

This approach, the "categorical approach," requires that the Court "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's [offense], and *not* 'to the particular facts underlying [the conviction].'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)

(quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)); *see also United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) ("The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." (citation omitted)). The Court turns first to the operative language of § 1951(a).

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

Bennett raises two primary arguments as to why Hobbs Act robbery does not categorically constitute a crime of violence. First, Bennett contends that a person can commit Hobbs Act robbery in the absence of the use or threatened use of physical force in light of the statute's "fear of injury" language. Second, Bennett contends that because § 1951 contains no "intent" language, Hobbs Act robbery can be perpetrated via unintentional conduct, thus removing the crime from the purview of § 924(c)(3)(A). Both arguments fail.

Addressing Bennett's first argument, the Court concludes that a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, No. 3:15cr102, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," *id.*, and "any act or threatened act which engenders a fear of injury implicates force and potential violence," *id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014)); *see also*

*Castleman*, 134 S. Ct. at 1416–17 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result.").

Guided by such common sense, many circuit courts have concluded that robbery crimes are categorically crimes of violence. *See United States v. McDaniels*, No. 1:15cr171, 2015 WL 7455539, at *6 n.12 (E.D. Va. Nov. 23, 2015) (gathering circuit court cases).[5] In addition, post-*Johnson*, numerous district courts—including this one—have held that robbery offenses qualify as crimes of violence under § 924(c)(3)(A).[6] Bennett, on the other hand, fails to cite any case holding otherwise in the Hobbs Act robbery context.

Rather, Bennett submits to the Court creative examples how Hobbs Act robbery—specifically, its "fear of injury" component—can be committed in the absence of what one would typically consider threats of physical force. In particular, Bennett describes the "fear of injury" one would experience if faced with threats of poisoning or threats of exposure to hazardous chemicals. Bennett, however, fails to acknowledge that the "concept of 'force' encompasses even

[5] The Fourth Circuit has held repeatedly that robbery convictions qualify as categorical crimes of violence. *See, e.g., United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (applying definition in 18 U.S.C. § 924(e)) ("We must assume that all of the elements of robbery in Virginia were met, including 'violence or intimidation.' Violence is the use of force. Intimidation is the threat of the use of force."); *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991) (applying definition in 18 U.S.C. § 16(a)) ("[A] conviction for robbery necessarily requires a finding of the use of force (a taking 'by the use of violence') or threatened use of force (a taking 'by putting in fear')."); *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (applying definition in 18 U.S.C. § 924(c)(3)(A)) (noting that "[a]rmed bank robbery is unquestionably a crime of violence").

[6] *See, e.g., United States v. Walker*, No. 3:15cr49, 2016 WL 153088 (E.D. Va. Jan. 12, 2016) (Hobbs Act robbery); *McDaniels*, 2015 WL 7455539, at *4 (Hobbs Act robbery); *United States v. Mitchell*, No. 15cr47, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (bank robbery); *United States v. Anglin*, No. 14cr3, 2015 WL 6828070, at *3 (E.D. Wis. Nov. 6, 2015) (Hobbs Act robbery); *United States v. Brownlow*, No. 1:15cr0034, 2015 WL 6452620, at *3 (N.D. Ala. Oct. 26, 2015) (Hobbs Act robbery); *United States v. Merinord*, No. 5:15cr136, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015) (Hobbs Act robbery); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084, at *2–3 (E.D. Va. Oct. 23, 2015) (Hobbs Act robbery); *United States v. Strong*, No. 3:15cr00187, 2015 WL 6394237, at *1 (W.D.N.C. Oct. 21, 2015) (bank robbery); *United States v. Evans*, No. 5:15cr57, 2015 WL 6673182, at *5–6 (E.D.N.C. Oct. 20, 2015) (Hobbs Act robbery); *United States v. Redmond*, No. 3:14cr0026, 2015 WL 5999317, at *3–4 (W.D.N.C. Oct. 13, 2015) (Hobbs Act robbery); *Standberry*, 2015 WL 5920008, at *4 (Hobbs Act robbery).

its *indirect application.*" *Castleman*, 134 S. Ct. at 1414 (emphasis added). The Supreme Court has found that even these unlikely hypotheticals involve the threat of a physical undertaking. While rejecting a similar argument with respect to threats to poison, the *Castleman* court explained, "[t]he use of force is not the act of sprinkl[ing] the poison," but "the act of employing poison knowingly as a device to cause physical harm." *Castleman*, 134 S. Ct. at 1415; *see also Johnson*, 559 U.S. at 140. Accordingly, in the Hobbs Act robbery context, even "fear of injury" stemming from a threat of indirect physical force constitutes a crime of violence.

Bennett's second argument—that placing a victim in fear of injury does not constitute a crime of violence because it does not require an *intentional* threat of physical force—likewise fails. While a defendant need not *specifically intend* to intimidate a victim to commit robbery in the Fourth Circuit, *see United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996), the government still must prove knowledge with respect to the *actus reus* of the crime. *See Carter v. United States*, 530 U.S. 255, 269 (2000) (construing federal bank robbery statute). Thus, to convict a defendant of Hobbs Act robbery, the government must prove that the defendant *knew* that he or she was taking property against the victim's will and that his or her actions involved physical force or were otherwise objectively intimidating. *See* 18 U.S.C. § 1951(b)(1). It follows that Hobbs Act robbery plainly involves a higher degree of culpability than accidental, negligent, or even reckless conduct. *See Standberry*, 2015 WL 5920008, at *5; *cf. Leocal*, 543 U.S. at 2 ("§ 16(a)'s key phrase most naturally suggests a higher degree of intent than negligent or merely accidental conduct."). Revealingly, Bennett fails to identify a set of circumstances in which an individual committing Hobbs Act robbery can do so in the absence of intent. In essence, Bennett's "argument envisions a somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury." *Standberry*, 2015 WL 5920008, at *4.

Ultimately, consistent with earlier decisions of this Court, the Court finds that Hobbs Act robbery constitutes a categorical crime of violence. *Walker*, 2016 WL 153088; *McDaniels*, 2015

WL 745539; *Hunter*, 2015 WL 6443084; *Standberry*, 2015 WL 5920008.   Therefore, Bennett

cannot establish legal innocence and has not met his heavy burden of demonstrating a "fair and

just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).[7]

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Bennett's Motion to Withdraw Guilty Plea

(ECF No. 31).

An appropriate order shall issue.


                                                    _____/s/_____
                                                         James R. Spencer
                                                    United States District Judge


ENTERED this _____27ᵗʰ_____ day of January 2016.

---

[7] In light of the conclusion that Hobbs Act robbery categorically meets the definition of a crime of violence under 18 U.S.C. § 924(c)(3)(A), the inquiry with respect to a determination of Bennett's legal innocence ends. The Court need not reach Bennett's argument concerning the Residual Clause.